November 19, 1906.

————————o————————

## No. 4046.

### (Court of Appeal, Parish of Orleans.)

### WILLIAM L. WEILL vs. MARCEL BERNARD.

1. Compensation takes place only between two debts which are equally liquidated and demandable.
2. Where a plaintiff sues for the price of sale of movables fixed in a written contract, the execution of which is admitted, the defendant may set up in compensation a claim for rent fixed in a written lease, the execution of which is also admitted. Both debts are of equal dignity and equally liquidated.
3. But defendant cannot urge in compensation against the liquidated demand, an unliquidated claim for damages to the leased premises.
4. A demand cannot be considered as reconventional when both parties reside within the jurisdiction of the Court and the two claims are disconnected, and when no judgment in reconvention is prayed for.

Appeal from Civil District Court, Division B.

B. R. Forman, for plaintiff and appellee.

Denegre & Blair and H. H. Chaffe, for defendant and appellant.

DUFOUR, J. The plaintiff sued for $195.00, the price

of certain movables sold to defendant under a written contract. The defendant's answer admits the purchase as alleged, and sets up in compensation a claim for rent for $66.66 and various items of damages to its leased premises, the whole amounting to $151.11. There was a tender and deposit made of $43.89, which was withdrawn by plaintiff without prejudice, on January 12th, 1906. At the trial, objection was made to the introduction of all evidence on the plea in compensation on the ground that the claim was unliquidated and could not be pleaded in compensation against the demand for the price of sale stipulated in the written contract of sale, the execution of which was admitted. So far as the items of damages are concerned, the objection is correct and should have been sustained. The objection to the introduction of testimony to prove the claim for rent rests on the ground that "the defendant sets up that the rent is due to somebody else, not to him individually."

The objection was properly overruled, the answer clearly alleges that defendant was acting as agent of the owners of the property just as the bill of sale shows that he purchased the movables as agent.

Tremoulet who rented the premises to Weill, testifies that, with the consent of the owner, he put Bernard in charge of the matter with full authority to act. It is shown that plaintiff paid the rent regularly to Bernard, with the exception of the amount now claimed. The debt, being liquidated by the admitted lease, is of equal dignity with plaintiff's claim and may be set up in compensation against it.

The suggestion at the argument that the plea might be viewed as a reconvention is not forceful. Both parties reside within the jurisdiction of the Court, the demands are not connected and there is no prayer for a judgment in reconvention.

The judgment is amended so as to read as follows:

It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, William L. Weill and against the defendant, Marcel Bernard, in the sum of one hundred and twenty-eight 34-100 dollars ($128.34-100), subject to a credit of forty-three 89-100 dollars ($43.89), with five per cent interest on said $128.34-100 from August 31st, 1905 until January 12th, 1906, and same interest on $84.45-100 from January 12th, 1906 until paid. It is further ordered that defendant's right to urge

.64

in proper proceedings the demands in compensation with the exception of the rent herein allowed, be reserved that the costs of appeal be paid by plaintiff and those of the lower court by defendant, and that, as amended, the judgment be affirmed.

November 19, 1906.